IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NADER IBRAHIM, | } |
| Plaintiff, | } |
| v. | } CIVIL ACTION NO. H-05-1989 |
| S. MARK STRAWN, ESQ., | ) |
| Defendant. | ) |

**MEMORANDUM ON MOTION TO DISMISS
AND ORDER TO SHOW CAUSE**

Pending before the court are the Defendant, S. Mark Strawn's (hereinafter "Strawn") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for More Definite Statement (Doc. 5), and Strawn's Motion for Sanctions. (Doc. 8.) The Plaintiff in the instant action is Nader Ibrahim, though it is asserted that he is also identified as Nader Kreit (hereinafter referred to as "Kreit").

Based on a review of the pleadings, the motions, the evidence, the applicable law, and the submissions, which the court finds are identical to those filed by a plaintiff, Ronald Emmett Moore, in a proceeding previously pending before the Honorable Lee Rosenthal (H-05-1991), the court GRANTS Strawn's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 5), and the Motion for Sanctions (Doc. 8), but DENIES Strawn's Motions for a More Definite Statement (Doc. 5) as MOOT.

**I.      Background**

The Defendant, Strawn, is an attorney who filed a personal injury lawsuit in Texas state court against Kreit on behalf of one of Kreit's former clients, Tina Rene McAdams, alleging

negligent dental care or dental malpractice against both Kreit, and an associate of Kreit's, Ronald Emmett Moore.  Mr. Moore filed identical pleadings before Judge Rosenthal in cause H-05-1991.  Kreit filed a pro se suit against defendant Strawn in this court on June 7, 2005, alleging the state court suit against him was without merit.  Strawn responded on June 28, 2005, with a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the alternative Motion for More Definite Statement.  (Doc. 5.)

On July 1, 2005, Kreit filed in the Polk County deed records a document that purports to be, but is not, a default judgment issued in this federal suit against Strawn.  Strawn responded by filing a Motion for Sanctions against Kreit on July 7, 2005.

## II.     Lack of Subject Matter Jurisdiction

There are two sources of federal jurisdiction for a district court: federal question jurisdiction, for cases arising under federal law, and diversity jurisdiction for cases involving diversity of citizenship.  28 U.S.C.§§ 1331, 1332.  A district court may dismiss a case for want of subject matter jurisdiction on any one of three different bases: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981).  The burden of establishing jurisdiction is on the party asserting jurisdiction.  *Howrey v. Allstate Insurance Co.,* 243 F.3d 912, 916 (5th Cir. 2001).

If Kreit's pleadings reveal anything, they reveal a complete lack of federal question jurisdiction.  Whether a case supports federal question jurisdiction is determined by the well-pleaded complaint rule.  *Hart v. Bayer Corp.,* 199 F.3d 239, 243-44 (5th Cir. 2000).  If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking.  Id. at 244.  Though Kreit appears to raise federal admiralty law, he does not adequately

plead causes of action under such body of law. In fact, he does not allege that his claims have any relationship to water, salt or fresh, in any way whatsoever. His other contentions regarding seizures, foreign agents and principals, etc. appear to have been drawn from legal texts that would be of some interest to legal historians, but are indecipherable as legal arguments to those educated in the law as it exists today. At best, Kreit disagrees with Strawn's underlying state-law malpractice suit. There is no federal question jurisdiction.

The parties to the instant action are also not diverse. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy that exceeds $75,000. 28 U.S.C. 1332(a). Though Kreit alleged Diversity Jurisdiction on the Civil Cover Sheet to Kreit's initial pleading, such Cover Sheet also states that Kreit is a resident of Polk County, Texas, and Strawn is a resident of Harris County, Texas. Doc. 1. Because both parties are residents of Texas, this court has no jurisdiction over the action based on diversity of citizenship.

**III.     The Motion for Sanctions**

On July 1, 2005, Kreit filed in the Polk County deed records what purports to be a default judgment issued by this court, in this action, against Strawn. Doc. 6. Kreit apparently prepared this false judgment himself and presented it to Polk County personnel as a court document. It is not. The court has not issued default judgment against Strawn because Strawn filed a responsive pleading to contest subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Additionally, Kreit has filed virtually every document sent to him with the scrawl, "refused for cause." Those filings include orders of the court, pleadings by his opposition, and documents from a state court action.

Because Kreit filed these papers with the court, they are governed by Fed. R. Civ. P. 11(b) which provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an …

>   unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed. R. Civ. P. 11(b)(2).

Although this court has no jurisdiction to consider Kreit's request for relief, it retains the power to issue sanctions under Fed. R. Civ. P. 11. *Willy v. Coastal Corporation et al.,* 503 U.S. 131, 112 S.Ct. 1076 (1992). The court also possesses the inherent power to sanction those who commit a fraud on the court even if Fed. R. Civ. P. 11 does not govern the party's conduct directly. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123 (1991).

When it appears that Rule 11 has been violated, either the opposing party may move for sanctions or the court may do so on its own motion. Fed. R. Civ. P. 11(c)(1)(A) and (B). In this case, Strawn requested a hearing only on the merits of the Kreit's decision to file a false default judgment with this court.

Because Kreit's apparent abuse of the judicial system extends beyond filing a false default judgment, the court issues an order for Kreit to show cause on its own initiative. Specifically, the court cannot determine any legal basis for Kreit's initial complaint or for his decision to file every document sent to him with the words "refused for cause" scrawled on them.

Litigants cannot simply cite to fragments of law as the basis of their claims, nor can they base their claims on archaic law or laws from other jurisdictions, such as Colorado. Likewise, litigants cannot assert that lawyers in apparently good standing with the Texas Bar are foreign agents or principals without some factual basis for that claim. Instead, Rule 11 contemplates that litigants will research the law, **as it is understood today,** and apply **all** of it,

even those portions of it that require them to litigate their cases in the courts that the State of Texas established to adjudicate questions of state law between citizens of the state of Texas.

Accordingly, it is hereby

ORDERED that Defendant, S. Mark Strawn's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for More Definite Statement (Doc. 5) is GRANTED due to lack of subject matter jurisdiction, and DENIED as to the alternative grounds seeking a more definite statement; and, it is further

ORDERED that, pursuant to S. Mark Strawn's Motion for Sanctions (Doc. 8) and this court's own motion, the Plaintiff, NADER IBRAHIM, a.k.a., NADER KREIT, is to appear personally and show cause why this court should not sanction him for filing frivolous and fraudulent documents with this court and invoking the power of this court in the recording office of Polk County.  NADER KREIT is to appear personally at:

**United States District Court for the Southern District of Texas**
**Houston Division**
**515 Rusk Street**
**Courtroom 9C**
**Houston, Texas**
**Friday, January 6, 2006 at 2:00 PM**

**SIGNED** at Houston, Texas, this 28th day of November, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE